[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The husband brought this action for dissolution of his marriage to the wife. The parties were married in Windsor, Connecticut on CT Page 16690 June 5, 1984 and have three children issue of the marriage aged nine to fourteen. The court heard the evidence presented by the parties at trial and evaluated their demeanor and credibility. The parties agree that custody of the children should be joint with primary residence with the wife.
The husband is a self-employed electrician whose earnings are generally less than forty thousand dollars per year. In 1996, his W-2 income from the partnership in which he was then involved was $37,600, while in 1997 it was $38,200. In January of 1998, the partnership dissolved, and his net taxable income for that year was only $30,800. However, in 1998 he took $5,361 in Schedule C deductions for depreciation, $2,847 for vehicle expenses, and $2,586 for phone expenses. His earnings are $36,192, which approximates but does not quite reach his earning capacity. His earnings are less than his capacity because he does not always attend to the necessities of business, such as returning customer phone calls and attending to bills. The vehicle and phone expenses are essentially the same as those listed as personal expenses on his financial affidavit. He values his business at $2,000, representing the value of his tools.
The wife has an associate's degree in human services and earns approximately $34,700 per year as an aide at a residential facility for mentally handicapped adults. Her work includes one overnight per week, which impacts child care arrangements for the three boys, who all leave for school at different times in the morning. She did not work outside the home during the majority of the marriage, but returned to work when the husband's earnings were insufficient to meet the household expenses.
The wife attributes the cause for the breakdown of the marriage to the husband's personal and business irresponsibility including several alleged affairs, one of which was admitted,[1] and excessive consumption of alcohol by him. In addition, she asserts that she was controlled and intimidated by him. The husband attributes the cause for the breakdown of the marriage to the fights started by the wife's continuing complaints about him and his earnings. She is nervous and a bit anxious in her demeanor, but it is clear that the husband's selfish behavior gave her cause for complaint.
Apart from some small retirement accounts and bank accounts, the parties only asset is their house, which had equity of $51,968 on September 1, 1999 after the payment of the August CT Page 16691 mortgage payment. The house was purchased with a gift of $10,000 from the wife's parents.
The court has jurisdiction and all statutory stays have expired. The marriage of the parties has broken down irretrievably.
The court has considered the statutory criteria set forth in §§ 46b-81, 82, and 84 of the General Statutes together with applicable case law. The court enters the following orders:
1. The marriage of the parties is dissolved.
2. The husband shall pay child support in the amount of $207 per week until the youngest child reaches the age of nineteen or graduates from high school, whichever is sooner. Child support is based upon the earnings of the parties as they have been found by the court and is consistent with the Child Support Guidelines. The husband will supply the wife with his earning statements and federal income tax returns on or before April 15 of each year during the period he has an obligation to pay child support.
3. To whatever extent the mortgage and taxes on the parties' real property has not been paid through December 31, 1999 (January payment), the husband will pay that amount to the wife on or before January 31, 2000.[2]
4. The husband shall maintain his life insurance policy naming the wife as beneficiary to the extent of $150,000 so long as he has an obligation of child support. This obligation is in the nature of support, and the amount of insurance required to be kept shall be modifiable as each boy turns nineteen or graduates from high school.
5. The parties shall keep their respective vehicles and shall be responsible to pay any debts on account of those vehicles.
6. The husband shall keep his business free of any claim by the wife.
7. The wife shall maintain health insurance for the benefit of the minor children through her employer. If such insurance is no longer available, she shall maintain whatever insurance is available through her employment.[3] In the event that the wife is unable to obtain health insurance for the children through her CT Page 16692 employer, the husband shall maintain health insurance for them. That may occasion a modification in child support. Parties shall equally share the cost of future orthodonture for the children. Unreimbursed medical expenses for the children shall be paid 75% by the wife and 25% by the husband.
8. The husband shall quit claim the real property at 8 Pine Drive to the wife, who shall be responsible for the payment of property taxes and mortgage payments from January 1, 2000 (February mortgage payment) until the house is disposed of. If required to remove the oil tank from the premises, the parties shall be equally liable for that expense whenever it occurs. The wife shall be responsible for all ordinary maintenance on the house, including such care of the lawns, gutters, lights, driveways, and interior painting and decorating as she deems necessary, provided that she shall commit nor permit no waste. The costs of all major repairs shall be borne by the parties sixty percent by the wife and forty percent by the husband. The wife shall have the authority to determine what major repairs need to be made, and the husband shall have the right but not the obligation to either perform the work himself (except for plumbing and heating, which must be done by a licensed craftsman) or arrange for the contractor to perform it at the best possible price, provided that all work performed or arranged by the husband shall be done in a workmanlike manner, and provided further that if the husband chooses not to perform or arrange for the performance of the work the wife may hire workers of her choice. The wife shall give the husband a mortgage for $21,000 secured by the house payable at the rate of four (4.0%) percent per year. The mortgage, together with any accumulated interest, shall be paid in full to the husband on December 31, 2011 or upon the wife's ceasing to use the property as her principal residence.
9. Each party shall keep his or her own retirement accounts.
10. The parties will have joint legal custody of the minor children, who will reside primarily with the wife. The husband shall have visitation with the children on alternate weekends from 6:00 p. m. on Friday to 6:00 p. m. on Sunday, and every Wednesday evening from 6:00 p. m. to 8:00 p. m.
During his weekend visitation, he will be responsible for arranging for the children's attendance at any activities they are required to attend. The husband shall not consume alcohol including beer during any period when he is exercising visitation CT Page 16693 nor for eight hours prior to any visitation. A violation of this order shall be grounds for contempt. The husband shall have the children from 2:00 p. m. to 10:00 p. m. on Christmas Eve, and the wife shall have them on Christmas day. New Years Day, Easter, and Labor day shall be alternated, with the husband having even numbered years. Memorial Day, July 4th, and Thanksgiving shall be alternated, with the husband having odd numbered years. Each party shall have the children on his or her birthday and, respectively, on mother's and father's day. Each party shall have the children for one week in the summer. Neither party shall denigrate or criticize the other to or in the presence of the boys.
11. The husband shall pay the wife alimony in the amount of $1.00 per year for ten years, the term of which shall not be modifiable.
12. The husband shall pay and hold the wife harmless on the $5,000 People's Bank debt and the $2,000 orthodontic debt. The wife shall pay and hold the husband harmless on the $5,000 Bank Card debt and the $2,500 New England Bank and Trust debt.
13. The wife shall have the tax exemptions for Shawn and Charles. The husband shall have the tax exemption for Randall so long as he is current in his child support payments.
Judgement shall enter accordingly.
BY THE COURT,
Gruendel, J.